**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 2:02-CR-001 |
| | § | |
| KENDRICK G. STOKER | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On July 24, 2008, the court held a hearing on the government's petition (#31) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Jim Noble. The defendant was represented by Mr. Wayne Dickey.

Kendrick G. Stoker was sentenced on August 7, 2002, before the Honorable T. John Ward, United States District Judge for the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of possession of a firearm during a drug trafficking offense, a Class A felony. This offense carried a statutory maximum imprisonment term of life, and a mandatory term of imprisonment of at least 5 years. As such, the offense level is not applicable in this case. Mr. Stoker has a criminal history category of I. Mr. Stoker was subsequently sentenced to 60 months imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and financial disclosure. On March 3, 2006, Mr. Stoker completed his period of imprisonment and began service of the supervision term.

On June 23, 2008, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following condition:

1) The defendant shall not commit another federal, state, or local crime. Specifically, the government alleges as follows: On July 22, 2007, Mr. Stoker was arrested for the offense of

possession of a controlled substance. On April 7, 2008, Mr. Stoker was found guilty of the offense of possession of a controlled substance with the intent to deliver. Mr. Stoker was sentenced to 7 years in the Institutional Division of the Texas Department of Corrections.

The court scheduled a revocation hearing for July 24, 2008. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the allegation set forth above. Based on the defendant's plea of true to this allegation, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 20 months with no term of supervised release to follow such term of imprisonment. The court further recommended that the defendant be placed by the Bureau of Prisons within a Federal Medical Facility during the period of his confinement. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the allegation as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to this allegation, it is further recommended that the court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 20 months with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in

a Federal Medical Facility during the period of his confinement.

During the hearing, the defendant waived his right to file an objection to this report and recommendation. The government's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar it from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 5th day of August, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE